The Honorable Shane Broadway State Senator
201 Southeast Second Street Bryant, Arkansas 72022-4025
Dear Senator Broadway:
You have requested my opinion concerning a school district's negotiations to buy out a superintendent's contract. You have provided the following background information, and you present the following question in this regard.
BACKGROUND
The superintendent had been suspended with pay with approximately 2.5 years remaining on his contract. The school district and the superintendent entered into negotiations to pay an amount, plus his attorney's fees, and had substantially agreed upon the terms. On the same day the parties were faxed a proposed agreement, the superintendent died and no agreement was executed. The attorney for the superintendent contends that, due to a school board vote approving making an offer of terms for the agreement, an agreement exists. The school district and its attorney dispute this contention. The school district understands the question of whether an enforceable agreement came into existence is a determination for the court.
QUESTION
Can a school district, which has entered into negotiations to buy out a superintendent's contract, pay any amount to the estate of the superintendent when the superintendent has died prior to the final execution of the agreement? *Page 2 
RESPONSE
I regret that I am unable to opine in response to this question due to its inherently factual nature. I cannot speculate whether the school district can pay any amount to the deceased superintendent's estate because this necessarily requires consideration of the particular circumstances attending the superintendent's suspension with pay and the negotiations to buy out his contract. I have no information in this regard; and in any event, such fact finding is not within the scope of an opinion from this office. Although I am statutorily obliged to render my opinion to members of the legislature and various state officials regarding matters of state law, A.C.A. § 25-16-706, I am neither authorized nor equipped to render formal opinions on questions whose resolution will necessarily involve making factual determinations. Such questions must be decided with advice of local counsel, and may ultimately require resort to court for resolution.
I regret that I could not be of more assistance in this matter. Please feel free to contact me if I can be of assistance in some other respect.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
 *Page 1